IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUIS ALEXANDER VASQUEZ )<br>1332 Fort Steven Drive, NW )<br>Washington, DC 20011 )<br>    )<br>    Plaintiff, on behalf of himself and all )<br>    similarly situated individuals )<br>    )<br>        v. )<br>    )<br>GRUNLEY CONSTRUCTON CO., INC )<br>10520 Shady Grove Rd., Suite 500 )<br>Rockville, MD 20850 )<br>    )<br>    Serve: )<br>    Royal Service Company, Inc. )<br>    5335 Wisconsin Ave., N.W., Suite 440 )<br>    Washington, DC 20015 )<br>    )<br>**C.R. CALDERON CONSTRUCTION, INC.** )<br>5104 Branchville Rd. )<br>College Park, MD 20740 )<br>    )<br>    Serve: )<br>    Royal Service Company, Inc. )<br>    5335 Wisconsin Ave., N.W., Suite 440 )<br>    Washington, DC 20015 )<br>    )<br>**GARFIAS DRYWALL & FINISH, LLC** )<br>6737 Riverdale Rd., Apt. D )<br>Riverdale, MD 20737 )<br>    )<br>        Defendants. )<br>    ) | Civil Action: 1:15:cv-02106<br><br>Jury Trial Demanded |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Nature of the Action**

1. Defendant general contractor Grunley Construction Co., Inc., ("Grunley") subcontracted with Defendant C.R. Calderon Construction, LLC ("Calderon"), to perform carpentry work at a renovation taking place at the Watergate Hotel, at 2650 Virginia Ave., N.W., Washington, D.C. ("the project"). Calderon hired Defendant Garfias Drywall and Finish, LLC, ("Garfias") to recruit carpenters for the project. The Plaintiff and similarly situated individuals are carpenters who were recruited by Garfias to perform work for Calderon on the Watergate hotel project between in or around August, 2015 and in or around October 2015.

2. The plaintiff and similarly situated individuals received no pay for their work between August 3, 2015, and October 27, 2015, during which time they worked approximately fifty-eight (58) hours per week.

3. Plaintiff, on behalf of himself and similarly situated individuals, brings this action to recover damages for defendants' willful failure to pay wages.

4. Plaintiff, on behalf of himself and similarly situated individuals, asserts claims under: a) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq*. b) the District of Columbia Minimum Wage Act Revision Act ("DCMWRA"), D.C. Code §§32-1301 *et seq*., D.C. Code §§ 32-1001 *et seq*.; c) the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq*.; (d) and the DC Wage Theft Prevention Amendment Act ("DCWTPAA"), D.C. Code §§ 32-1001-15, 32-1301-11.

5. Plaintiffs, on behalf of themselves and all similarly situated individuals, bring their FLSA and DCMWRA claims as a "collective action" pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(b), and their DCWPCL and DCWTPAA claims as a traditional class action pursuant to Fed. R. Civ. P. 23.

## Jurisdiction and Venue

6. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to plaintiffs' claims occurred in this district.

**Parties**

8. Plaintiff is an adult resident of the District of Columbia, residing at the address in the caption above.

9. Defendant Grunley Construction Company, Inc., ("Grunley") is a full-service construction firm with expertise in high-profile complex projects in the public and private sector in the Washington, D.C. metropolitan area. Grunley's principal place of business is located at 15020 Shady Grove Rd., Suite 500, Rockville, Maryland.

10. Grunley's and Calderon's registered agent for service of process is Royal Service Company, Inc. The address is 5335 Wisconsin Ave., N.W., Suite 440, Washington, DC 20015.

11. Defendant C.R. Calderon, Inc. is an acoustical drywall, plastering and lathing contractor providing services in the metropolitan Washington, D.C. area and its principal place of business is located at 5104 Branch Rd., College Park, Maryland.

12. Defendant Garfias Drywall and Finishing, LLC, is by information and belief an unlicensed labor broker or recruiter.

13. At all relevant times, each defendant employed at least two people.

14. By information and belief, at all relevant times, each defendant had an annual dollar volume of sales or business done of at least $500,000.

15. At all relevant times, plaintiffs and similarly situated individuals were engaged in

commerce or in the production of goods for commerce.

16. At all relevant times, and with respect to plaintiffs and similarly situated individuals, defendant C.R. Calderon and Garfias had and exercised both actual and apparent authority to hire and fire, direct and supervise work, and bind and set wage and hour policies.

17. At all relevant times, defendants were employers of plaintiff and similarly situated individuals within the meaning of 29 U.S.C. § 203 (d) (FLSA), D.C. Code § 32 – 1002(3) (DCMWRA), D.C. Code § 32-130(1) (DCWPCL), and DC Code §§ 32-1001-15, 32-1301-11(DCWTPAA).

18. At all relevant times, plaintiff and similarly situated individuals were non-exempt employees of defendants within the meaning of 29 U.S.C. § 203(g) (FLSA), D.C. Code § 32-1002(1)–(2) (DCMWRA), D.C. Code § 32-1301(2) (DCWPCL), and D.C. Code §§32-1001-15, 32-1301-11 (DCWTPAA).

19. At all relevant times, defendants were joint employers of plaintiff and similarly situated individuals, and defendant Grunley was the general contractor for the Watergate Hotel project where the plaintiff and similarly situated individuals performed work.

### Factual Allegations

20. Plaintiff and similarly situated individuals worked as non-exempt employees for defendants at a construction project ("the project") located at the Watergate Hotel, 2650 Virginia Ave., N.W., Washington, D.C.

21. The project involved renovation of the hotel including carpentry work performed by the plaintiff and similarly situated individuals.

22. The general contractor for the project is Grunley Construction Company, Inc.

23. The plaintiff and similarly situated individuals were hired to work for Calderon as carpenters in the project by Ernesto Garfias, owner of Garfias Drywall and Finish, LLC, a labor broker or recruiter.

24. Ernesto Garfias told the plaintiff and similarly situated individuals that they would be paid $18 an hour.

25. Ernesto Garfias was not present on the project and did not supervise the plaintiff and other similarly situated individuals at the project.

26. The plaintiff and similarly situated individuals began work at the project on or about August 1, 2015.  They typically worked twelve hours on Monday through Friday and ten hours on Saturday.

27. The plaintiff and similarly situated individuals performed framing and drywall work.

28. The on-site supervisor of the plaintiff and similarly situated individuals at the project was Ernesto [last name unknown], an employee of C.R. Calderon, who directed the work, told the plaintiff and similarly situated individuals how to perform their work and who corrected them when he wanted to change something they had done.  He told them when to report to work, when to take breaks, and when to leave.

29. The supervisor of Ernesto was Carlos Calderon, owner of Defendant C.R. Calderon, Inc., who came by the worksite most days, and directed Ernesto regarding work performed by the plaintiff and similarly situated individuals. Carlos Calderon had the power to hire, fire, discipline and control the plaintiff and similarly situated individuals.

30. The equipment and tools, other than hand tools, used by Plaintiff and similarly situated individuals was provided by C.R. Calderon, Inc.

31. The plaintiff and other similarly situated individuals signed a time sheet provided by C.R.

Calderon, Inc.

32. By information and belief, defendants did not maintain true and accurate records of each hour, day and week worked by plaintiff and similarly situated individuals, as required by the FLSA, DCMWRA, or the regulations promulgated by these laws.

33. Plaintiff and similarly situated individuals worked approximately the following hours during the indicated workweeks:

| Work Week Start | Work Week End | Total Hours | Regular Hours | Overtime Hours |
|---|---|---|---|---|
| 08/03/15 | 08/08/15 | 56 | 40 | 16 |
| 08/10/15 | 08/15/15 | 58 | 40 | 18 |
| 08/31/15 | 09/05/15 | 58 | 40 | 18 |
| 09/07/15 | 09/12/15 | 58 | 40 | 18 |
| 09/14/15 | 09/19/15 | 58 | 40 | 18 |
| 09/21/15 | 09/26/15 | 58 | 40 | 18 |
| 09/28/15 | 10/03/15 | 58 | 40 | 18 |
| 10/05/15 | 10/10/15 | 58 | 40 | 18 |
| 10/12/15 | 10/17/15 | 58 | 40 | 18 |

| 10/19/15 | 10/24/15 | 58 | 40 | 18 |

34. The plaintiff and other similarly situated individual received no pay for the ten weeks of work performed on the project.

## Collective Action Allegations

35. This action is maintainable as an opt-in collective action pursuant to the FLSA, 29 U.S.C. 216(b) and the DCMWRA, D.C. Code §32-1012.

36. The plaintiff brings his FLSA and DCMWRA claims on his own behalf and on behalf of all past and present non-exempt employees of defendants who, while working on the project, were not paid for all hours worked and were not paid one and one-half times their regular rate of pay for those hours worked in excess of forty in any one workweek.

37. On information and belief, there are approximately 7 past and present non-exempt employees of defendants who are similarly situated to the plaintiff in that they were carpenters who were not paid wages on the project.

38. On information and belief, defendants owe plaintiff and similarly situated individuals approximately $356,920 in unpaid wages, overtime and liquidated damages pursuant to the FLSA, the DCMWRA, the DCWPCA, and the DCWTPAA.

39. Pursuant to 29. U.S.C. §216(b), plaintiff has consented in writing to be plaintiff in this action. His consent form will be filed in a separate docket entry.

## Class Action Allegations

40. This action is maintainable as an "opt-out" class action pursuant to D.C. Code § 32-1308 and Federal Rule of Civil Procedure 23.

41. Plaintiff brings his DCWPL and DCWFA claims on his own behalf, and on behalf of all past and present non-exempt employees of defendants who, while working on the project, (1) were not promptly paid at least minimum wages and (2) were not promptly paid one and one-half times their regular rate of pay for those hours worked in excess of forty in any one workweek.

42. On information and belief, there are approximately 7 past and present employees of defendants who are similarly situated to plaintiffs in that they were carpenters working on the project who were not promptly paid at least minimum wage for all hours worked and were not paid overtime.

43. On information and belief, defendants owe plaintiff and similarly situated individuals approximately $356,920 in unpaid wages, lost benefits, damages, and statutory penalties, pursuant to the DCWPCL and DCWTPAA.

## COUNT I

**FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA**

44. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

45. The FLSA requires employers to pay non-exempt employees at least the minimum wage for all hours worked, and an overtime premium of one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. §207(a)(1).

46. Defendants violated the FLSA by knowingly failing to pay plaintiffs and similarly situated individuals for all hours worked and one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

47. Defendants' violations of the FLSA were willful.

48. For their willful violations of the FLSA, defendants are liable to the plaintiff and similarly situated individuals for unpaid wages, unpaid overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II

FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWRA

49. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

50. The DCMWRA requires employers to pay non-exempt employees for all hours worked and one and one-half times their regular hourly.

51. Defendants violated the DCMWRA by knowingly failing to pay plaintiffs and similarly situated individuals one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

52. Defendants' violations of the DCMWRA were willful.

53. For their violations of the DCMWRA, defendants are liable to plaintiff and similarly situated individuals for unpaid wages and unpaid overtime compensation, and an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III

**FAILURE TO PAY WAGES UNDER THE DCWPCL**

54. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

55. The DCWPCL requires an employer to promptly pay employees all wages due. D.C. Code § 32-1302–3.89. For purposes of the DCWPCL, "wages" include, among other

things: "[o]vertime premium" D.C Code § 32-1301(3)(C);

a. "remuneration promised or owed...pursuant to a contract between an employer and another person or entity" D.C Code § 32-1301(3)(E)(ii); and

b. "remuneration promised or owed...Pursuant to District of federal law" D.C Code § 32-1301(3)(E)(iii).

56. Defendants violated the DCWPCL by knowingly failing to pay plaintiff and similarly situated individuals all wages earned, including the overtime premium and promised wages for all hours worked.

57. Defendants' violations of the DCWPCL were willful.

58. For their violations of the DCWPCL, defendants are liable to plaintiffs and similarly situated individuals for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

### COUNT IV

FAILURE TO PAY WAGES UNDER THE DC WAGE THEFT PREVENTION AMENDMENT ACT

59. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

60. The DC Wage Theft Prevention Amendment Act D.C. Code §§ 32-1001-15, 32-1301-11 states that the general contractor and subcontractor are jointly and severally liable for violations of the DCMWRA.

61. The Defendant Grunley is liable as general contractor for the wage payment violations of Calderon and Garcias.

62. Under the DCWTPAA, Defendants are liable to plaintiff and similarly situated individuals for the amount of any lost wages and benefits, plus an amount equal to three

times the lost wages or benefit as liquidated damages, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against all Defendants on all counts, jointly and severally, and grant the following relief:

a. Award plaintiff and similarly situated individuals:

    i. unpaid wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C § 216;

    ii. unpaid wages, plus an equal amount as liquidated damages, pursuant to the DCMWRA, DC Code § 32-1012;

    iii. unpaid wages plus an amount equal to three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    iv. unpaid wages plus an amount equal to three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWTPAA, D.C. Code §§32-1001-15, 32-1301-11.

b. Award the plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

c. Award plaintiff court costs;

d. Award plaintiff prejudgment and post-judgment interest as permitted by law; and

e. Award any additional relief the Court deems just.

Dated: December 4, 2015				Respectfully submitted,

/s/Virginia R. Diamond
Virginia R. Diamond, DC Bar #393934
Ashcraft & Gerel, LLP
Suite 650, 4900 Seminary Rd.
Alexandria, VA 22311
Phone: (703)627-5510
Fax: (703)820-0630
Email: vdiamond@ashcraftlaw.com
*Counsel for Plaintiff*

Rebekah Miller, DC Bar #462388
Benjamin Douglass, DC Bar #1001439
Ashcraft & Gerel, LLP
2000 L. Street, N.W. Suite 400
Washington, DC 20036
*Counsels for Plaintiff*