## AGREEMENT AND GENERAL RELEASE ("Agreement")

This Agreement and General Release is made by and between Grunley Construction Company, Inc., and C.R. Calderon, Inc.,(collectively "Defendants") and Luis Alexander Vasquez, aka Wilber Alexander, his heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff"), each intending to be legally bound. Defendants and Plaintiff shall be referred to herein as the "Parties." The Parties agree that:

WHEREAS, on behalf of himself and all similarly situated individuals, Luis Alexander Vasquez, aka Wilber Alexander, filed a lawsuit against Defendants, captioned case number 1:15-cv-02106-GMH, pending in the United States District Court for the District of Columbia (the "Lawsuit");

WHEREAS, other persons joined as plaintiffs in the Lawsuit, including Norwin Herberto Soza, Kemy O. Sejas, and Rodolfo Gutierrez (the "Other Plaintiffs");

WHEREAS, subsequent to joining the case as parties, the Other Plaintiffs received payments and executed separate documents releasing Defendants;

WHEREAS, Plaintiff voluntarily has agreed to execute a complete release of claims as stated herein; and

WHEREAS, the Parties wish to avoid incurring additional costs in the Lawsuit and to settle and resolve all controversies between Plaintiff and Defendants amicably and expeditiously;

NOW THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned Parties as follows:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, Defendants agree to pay a total of thirty-four thousand dollars ($34,000) by check payable to "Ashcraft & Gerel LLP, in trust for Luis Alexander Vasquez," within five (5) business days after the Court's approval of the settlement and dismissal of the lawsuit pursuant to Paragraph 6 of this Agreement.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies and/or benefits specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3.  **Dismissal with Prejudice.** Plaintiff agrees pursuant to the terms in Paragraph 6 to dismiss, with prejudice, any and all claims in the Lawsuit by Plaintiff and similarly situated individuals (including the Other Plaintiffs) against Defendants Grunley Construction Company, Inc. ("Grunley") and C.R. Calderon, Inc. ("Calderon").

4.  **General Release and Related Provisions.**

    a.  **General Release of All Claims.** Plaintiff knowingly and voluntarily releases and forever discharges Defendants, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which the Plaintiff has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

    - Title VII of the Civil Rights Act of 1964;
    - Sections 1981 through 1988 of Title 42 of the United States Code;
    - The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
    - The Immigration Reform and Control Act;
    - The Americans with Disabilities Act of 1990;
    - The Worker Adjustment and Retraining Notification Act;
    - The Fair Credit Reporting Act;
    - The Family and Medical Leave Act;
    - The Equal Pay Act;
    - The Genetic Information Nondiscrimination Act of 2008;
    - District of Columbia Human Rights Act;
    - District of Columbia Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim;
    - District of Columbia Family and Medical Leave Act;
    - District of Columbia Wage Payment and Collection Law;

- District of Columbia Minimum Wage Act;
- District of Columbia Smokers' Rights Law;
- District of Columbia Parental Leave Act;
- District of Columbia Rights of the Blind and Physically Disabled ("White Cane Act");
- D.C. Pregnancy Anti-Discrimination Act;
- D.C. Accrued Sick and Safe Leave Act;
- D.C. Unemployed Anti-Discrimination Act;
- D.C. Protecting Pregnant Workers Fairness Act;
- D.C. Fair Criminal Record Screening Amendment Act ("Ban the Box");
- D.C. Wage Theft Prevention Act;
- D.C. Wage Transparency Act;
- The Workplace Fraud Amendment Act of 2012
- any other federal, state or local law, rule, regulation, or ordinance
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

b. **Collective/Class Action Waiver.** If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any other Releasee identified in this Agreement is a party.

5. **Acknowledgments and Affirmations.**

Plaintiff affirms that Plaintiff has not filed, caused to be filed, or presently is a party to any claim against Defendants, except case number 1:15-cv-02106-GMH, pending in the United States District Court for the District of Columbia. The Parties agree

to take all steps necessary to dismiss this action within ten (10) business days after the consideration in paragraph 1 of this Agreement is paid.

Plaintiff affirms that Plaintiff has been granted any leave to which Plaintiff was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Plaintiff further affirms that Plaintiff has no known workplace injuries or occupational diseases.

Plaintiff also affirms that Plaintiff has not divulged any proprietary or confidential information of Defendants and will continue to maintain the confidentiality of such information consistent with Defendants' policies and/or common law.

Plaintiff further affirms that Plaintiff has not been retaliated against for reporting any allegations of wrongdoing by Defendants or their officers, including any allegations of corporate fraud.

6. **Dismissal Of Pending Lawsuit.** As part of the releases and waivers provided for in this Agreement, Plaintiff agrees that within five (5) business days of a fully-executed copy of this agreement, he will cooperate fully with Defendants and take all necessary actions to secure approval of this Agreement from the Court and seek the dismissal with prejudice of any and all claims in the Lawsuit by Plaintiff and similarly situated individuals, including the Other Plaintiffs. The claims of Grunley and Calderon against each other in the Lawsuit will be dismissed without prejudice. Plaintiff understands and agrees that Defendants will not release to Plaintiff any checks specified in Paragraph 1 of this Agreement until the Parties have secured the court's approval of this Settlement Agreement and the Dismissal. If the Lawsuit is not dismissed in accordance with the terms of this paragraph, it is acknowledged by all Parties to render this Agreement null and void. If this Agreement is rendered null and void, Plaintiff will be ineligible to receive any portion of the payment provided for under this Agreement pursuant to Paragraph 1 and all releases set forth herein will be of no force and effect.

7. **Confidentiality and Return of Property.** Plaintiff agrees not to disclose any information regarding the substance of this Agreement, except to Plaintiff's spouse, tax advisor, an attorney with whom Plaintiff chooses to consult regarding Plaintiff's consideration of this Agreement and/or as required by any federal, state or local government agency.

Plaintiff affirms that Plaintiff has returned all of Defendants' property, documents, and/or any confidential information in Plaintiff's possession or control. Plaintiff also affirms that Plaintiff is in possession of all of Plaintiff's property that Plaintiff had at Defendants' premises and that Defendant is not in possession of any of Plaintiff's property.

8. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the District of Columbia without

regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

    a. **Arbitration**. In the event either party breaches this Agreement and/or either party brings a legal action to enforce or interpret this Agreement, any resulting legal action or complaint shall be referred for binding arbitration conducted by an arbitrator from either JAMS or The McCammon Group that has been mutually-agreed upon by the Parties. Any arbitration hearing will take place in the District of Columbia, or at such location as agreed upon by the Parties. The arbitration shall be administered and conducted according to the standard arbitration rules governing at the time one of the Parties initiates a claim, unless a rule might conflict with this Agreement. The fees for the arbitration services shall be divided equally unless otherwise agreed. The Parties agree to complete any and all papers and agreements to arbitrate that are required to initiate arbitration, but the Parties agree that in the event of a conflict between the Terms of this Agreement and any agreement to arbitrate might require the Parties to execute, the terms of this Agreement shall control. Plaintiff shall not, without written consent of Defendants have the right to: (1) initiate or file any class action in court or in arbitration, either as a class representative or a class member, including "collective" action type claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. or (2) join or consolidate claims with any other claim asserted by any other person.

    9. **Nonadmission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

    10. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

    11. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto relating to the resolution of Plaintiff's claims in the Lawsuit, and fully supersedes any prior agreements or understandings between Plaintiff and Defendants. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

**PLAINTIFF IS ADVISED THAT PLAINTIFF HAS A REASONABLE AMOUNT OF TIME, NOT TO EXCEED 15 DAYS, TO CONSIDER THIS AGREEMENT.**

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE**

CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

C.R. Calderon, Inc.                                    Grunley Construction Company, Inc.


By:_____                              By:_____


Date:_____                             Date:_____


Luis Alexander Vasquez, aka Wilber Alexander    Date: 9-9-16
_/s/_____

CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

C.R. Calderon, Inc.                                   Grunley Construction Company, Inc.

By: *[signature]*                                     By: _____

Date: 9-8-16                                          Date: _____

Luis Alexander Vasquez, aka Wilber Alexander         Date: _____

_____

**CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

C.R. Calderon, Inc.                                Grunley Construction Company, Inc.

By: _____                By: _____
                                                                    E. Christopher Odell, CFO

Date: _____                Date: _____9/8/16_____

Luis Alexander Vasquez, aka Wilber Alexander     Date: _____
_____